# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. BERNARD FERGUSON, Petitioner, | ) ) ) ) | |
| v. | ) | 04 C 5800 |
| NEDRA CHANDLER, Respondent. | ) ) ) | |

## MEMORANDUM AND ORDER

Petitioner Bernard Ferguson's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court. For the following reasons, Ferguson's petition is dismissed without prejudice for failure to exhaust.

## Background

In September of 1999, the State confessed error with respect to the denial of Ferguson's state post-conviction petition and the Illinois Appellate Court remanded Ferguson's case back to the Circuit Court of Cook County. In November of 2000, the State filed a motion to dismiss Ferguson's post-conviction petition. The petition is still pending, largely due to continuances on the State's motion or by agreement.

Ferguson is represented by Elyse Krug Miller, an Assistant Cook County Public Defender. Counsel has advised Ferguson that she will get to his case as soon as she can and has apologized for the delay in proceeding with his petition. Ferguson, understandably, is distressed by the fact that his petition continues to pend in state court.

## Background

Under ordinary circumstances, a federal court may not entertain a petition for a writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal. *See* 28 U.S.C. §§ 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Exhaustion, however, is based on comity and is not a jurisdictional prerequisite to filing a federal habeas petition. *Wallace v. Duckworth*, 778 F.2d 1215, 1224 (7th Cir. 1985). Thus, federal courts need not defer to the state judicial process when there is no appropriate remedy at the state level due to, for example, inordinate delay. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997); 28 U.S.C. § 2254(b)(1)(B).

Here, the respondent stresses that the delay is largely attributable to continuances sought by Ferguson's counsel. The respondent also suggests that Ferguson is the author of his own predicament as he can obtain a ruling by simply jettisoning his lawyer and proceeding pro se. This unfeeling argument is, unfortunately for Ferguson, grounded in Seventh Circuit precedent.

Specifically, in *Lane v. Richards*, 957 F.2d 363, 365-66 (7th Cir. 1992), the court noted that there is no right to counsel in a state post-conviction proceeding so a state's offer of a choice between "a judicial proceeding, or of a proceeding with the assistance of an albatross" is constitutional. It thus concluded that, "[a]ll [the petitioner] need do is fire [his lawyer] and request a hearing . . . True, to get a hearing in [state court, the petitioner] must surrender all hope of assistance by the public defender (if what he has received can be called 'assistance'), but as the Constitution does not guarantee the aid of counsel to prosecute a collateral attack, putting a prisoner to a choice between a lawyer and a prompt hearing does not violate the Constitution." *Id.* at 365.

The fact that Ferguson's counsel is primarily responsible for the regrettably long delay in resolving his state post-conviction petition is thus not grounds for bypassing the Illinois courts. *See id.* The court appreciates that Ferguson's counsel has a busy docket and trusts that she will make this case a priority.

This leaves the court with a § 2254 petition containing unexhausted claims. The Seventh Circuit frowns upon orders dismissing as opposed to staying such cases. Yet, in this case, Ferguson has used up twenty days of the one year statute of limitations as he began his state collateral proceedings twenty days after the conclusion of his direct appeal. The calculation of the statute of limitations could not be more straightforward, and there is no discernable benefit to be gained from allowing this case to gather dust here while Ferguson's state collateral appeal wends its way through the Illinois courts.

The court thus dismisses this case without prejudice to refiling once Ferguson has exhausted his state remedies. It also stresses that he has presently used up twenty days of the one-year statute of limitations. In addition, it notes that his remaining 345 days will start to expire when and if the Illinois Supreme Court denies his petition for leave to appeal if he does not timely file a petition for a writ of certiorari with the United States Supreme Court. If he does file a timely petition for a writ of certiorari, the clock will begin to tick when and if his Supreme Court case ends.

### Conclusion

For the above reasons, Ferguson's § 2254 petition is dismissed without prejudice for failure to exhaust.

DATE: 1/26/05

Blanche M. Manning
United States District Court Judge